Charles L. **WILKERSON** et al.,
Plaintiffs-Appellants,

v.

Thomas J. **MESKILL**, Governor of the State of Connecticut, et al.,
Defendants-Appellees.

No. 931, Docket 73–2064.

United States Court of Appeals,
Second Circuit.

Argued June 24, 1974.

Decided July 25, 1974.

---

Edward Gallant, Hartford, Conn. (Zeldes, Needle & Cooper, and Barry Scheinberg, Michael Sucoll and Robert Sattin, Hartford, Conn., on the brief), for plaintiffs-appellants.

Bernard F. McGovern, Jr., Asst. State Atty. Gen., Hartford, Conn. (Robert K. Killian, Atty. Gen. of Conn., F. Michael Ahern and David J. Della-Bitta, Asst. Attys. Gen., Hartford, Conn., of counsel), for defendants-appellees.

Before MOORE and FEINBERG, Circuit Judges, and PALMIERI,* District Judge.

PER CURIAM:

This is an appeal taken from the dismissal of a class action based on the Civil Rights Act, 42 U.S.C. § 1983 (1970). Appellants, a class consisting of Connecticut State troopers, sought an accounting and an injunction ordering the return to them by the State of funds allegedly improperly withheld. Appellees are various Connecticut State officials, sued in their governmental capacities.

The dispute centers around a period of two years, June 1967–June 1969, during which State troopers were required to work in excess of fifty hours per week to receive the time-and-one-half increment for overtime work. Other State employees generally only had to work in excess of forty hours to receive pay at the additional rate. The reason for this discrepancy in treatment is that the statute authorizing overtime pay required work in excess of a regularly scheduled workweek. At that time State troopers worked a regularly scheduled fifty-hour week. In 1969 the statute was amended to allow troopers working in excess of forty hours per week to receive pay at the additional overtime rate. No allowance was made for pay lost dur-ing the previous two years, and it is generally to right this grievance that this suit is brought.

The District Court, noting that although this action took the form of a plea for injunctive relief, held that it was in reality a suit for damages against the State and dismissed it on the grounds that the defendants—in actuality the State of Connecticut—enjoyed Eleventh Amendment immunity. This appeal followed.

Appellants argued in the District Court that federal relief should not be barred by the Eleventh Amendment in light of the interpretation of State immunity provided by Shapiro v. Thompson, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed. 2d 600 (1969) and cases decided on its authority. This argument, however, was destroyed by the recent Supreme Court decision in Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), which affirmed the reliance that the District Court had placed in this Circuit's previous decision in Rothstein v. Wyman, 467 F.2d 226 (2d Cir. 1972), cert. denied, 411 U.S. 921, 93 S.Ct. 1552, 36 L.Ed.2d 315 (1973). Therefore, there is no need to investigate further the merits of the case presented.

Appellants, at this level for the first time, raise two arguments designed to circumvent the effect of the *Edelman* decision. First, it is argued that Connecticut has waived its immunity from suit;[1] second, appellants contend that since pay received determines the amount of pension rights, portions of their suit seek valid future relief and that these portions should not have been dismissed.[2] Since neither of these arguments was properly raised below, we cannot hear them now.

The decision of the District Court, is, therefore, affirmed.

---

* Of the Southern District of New York, sitting by designation.

1. It would seem that this argument has also been foreclosed by a recent case, Fidelity Bank v. Connecticut, 164 Conn. —— (1974).

2. Since apparently none of the appellants has actually retired and, therefore, received reduced pension rights because of the allegedly improper ascertainment of overtime pay, it may be that they would have been held unable to raise this contention, even at the proper time, due to a lack of standing.