SUMMARY ORDER
Plaintiff-appellant Marsha Falchenberg appeals from various discovery orders and the amended opinion filed on July 10, 2008, *13 642 F.Supp.2d 156, in the United States District Court for the Southern District of New York (Sweet, J.), (1) granting the motion of the State of New York, the New York State Education Department (“SED”), and National Evaluation Systems, Inc. (“NES”) for summary judgment and denying plaintiffs cross-motion for summary judgment; (2) denying plaintiffs motion to preclude the defendants from introducing evidence; and (3) denying plaintiff discovery on the defenses raised by the defendants in their motion for summary judgment.[1] We assume the parties’ familiarity as to the facts, the procedural context, and the specification of appellate issues.
First, Falchenberg argues that the district court erred in holding that NES provided her with reasonable accommodations to take the Liberal Arts and Sciences Test (“LAST”) and, thus, did not discriminate against her on the basis of her disability in violation of Titles II and III of the Americans with Disabilities Act (“ADA”), 42 U.S.C. § 12111 et seq., the Rehabilitation Act, 29 U.S.C. § 794a, the New York State Human Rights Law (“NYSHRL”), or the New York City Human Rights Law (“NYCHRL”). Disabled individuals are entitled to receive “reasonable accommodations” that permit them to have access to and take a meaningful part in public services and public accommodations. Powell v. Nat’l Bd. of Med. Exam’rs, 364 F.3d 79, 85 (2d Cir.2004). However, “a defendant need not make an accommodation at all if the requested accommodation would fundamentally alter the nature of the service, program, or activity.” Id. at 88 (internal quotation marks omitted); see also 42 U.S.C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 35.130(b)(7). To be in compliance with the ADA, examinations like the LAST must be selected and administered so as to ensure that, when administered to an individual with a disability, the examination results do not reflect the individual’s impaired ability or skill, “except where those skills are the factors that the examination purports to measure.” 28 C.F.R. § 36.309(b)(1)(i); see also 28 C.F.R. § 36.309(b)(3) (requests for accommodation on examination need not be granted if they would “fundamentally alter the measurement of the skills or knowledge the examination is intended to test.”). Thus, where a test applicant seeks an accommodation that would prevent her scores from accurately evaluating the skills intended to be measured by the test, the denial of the requested accommodation is not unlawful. Powell, 364 F.3d at 89.
Here, Falchenberg’s request for an “oral” examination that does not require her to indicate spelling, punctuation, capitalization and paragraphing would effectuate precisely the type of fundamental alteration that need not be made as a matter of law. It is undisputed that spelling, punctuation, capitalization and paragraphing are among the skills tested on the LAST. Falchenberg’s competency at these skills — competencies that all other examinees are required to demonstrate — cannot be tested without requiring her to actually spell, punctuate, capitalize and paragraph. NES granted Falchenberg every accommodation she requested that did not interfere with the measurement of skills actual *14 ly tested on the LAST, including an offer to provide her with a reader to read each test question to her, a transcriber to write down her dictated written assignment for her, extra time to take the test, and a separate testing room to avoid distractions from other test takers. However, NES was not legally obligated to grant her additional accommodations fundamentally altering the LAST. Thus, the district court was correct to enter summary judgment in the Defendants’ favor on Falchenberg’s disability discrimination claim.[2]
Second, Falchenberg argues that the district court improperly limited the scope of discovery through various discovery orders entered in November 2006, May 2007, and June 2007. We review discovery orders for an abuse of discretion, and will reverse a district court’s discovery rulings only “ ‘when the discovery is so limited as to affect a party’s substantial rights.’ ” In re “Agent Orange” Prod. Liab. Litig., 517 F.3d 76, 102-03 (2d Cir. 2008) (quoting Long Island Lighting Co. v. Barbash, 779 F.2d 793, 795 (2d Cir.1985)). Because the discovery orders made by the district court were for the purpose of limiting discovery to the claims actually made by Falchenberg, we conclude that the orders were not an abuse of discretion.
Third, we agree with the district court that, because Falchenberg’s disability discrimination claim fails on its merits, her aiding and abetting claims fail as well. See Falchenberg, 642 F.Supp.2d at 165-66. Falchenberg challenges the dismissal of her aiding and abetting claims against SED and NES. However, aiding and abetting is only a viable theory where an underlying violation has taken place. 18 U.S.C. § 2(a); see also United States v. Reifler, 446 F.3d 65, 96 (2d Cir.2006). Because we hold that there was no underlying violation of the ADA, the Rehabilitation Act, or the New York State and New York City Human Rights Laws, we hold that the district court did not err in dismissing Falchenberg’s claims for aiding and abetting.
Finally, Falchenberg’s claim against NES under the Rehabilitation Act mirrors her claim under the ADA and fails for the same reasons. In any event, because NES is a unit of a business corporation and does not receive any federal financial assistance, it is beyond the reach of the Rehabilitation Act. See 29 U.S.C. § 794(a).
We have reviewed all remaining claims made by Falchenberg and find them to be similarly without merit.
Accordingly, for the reasons set forth above, the judgment and orders of the district court are AFFIRMED.

. Falchenberg also appeals from the district court’s July 1, 2005 decision dismissing her claims against the New York City Department of Education and the City of New York (collectively, the "City Defendants"). On April 15, 2009, this Court granted the City Defendants' motion to dismiss the appeal, concluding that Falchenberg waived all claims against the City Defendants by voluntarily omitting them as named parties from the Amended Complaint.

. On appeal, Falchenberg also argues that, even if the LAST does test an examinee’s spelling, punctuation, capitalization, and paragraphing skills, those skills are unrelated to the skills needed to work as a qualified teacher. As the district court noted, however, Falchenberg failed to challenge the job-relatedness of any aspect of the LAST in her complaint. See Falchenberg v. N.Y. State Dep’t of Educ., 642 F.Supp.2d 156, 165 (S.D.N.Y.2008) ("[TJhe certification examination is not an issue in this case. There is no allegation that the certification test itself is discriminatory ....”) (internal quotation marks omitted). Thus, we need not, and do not, consider whether the LAST tests job-related skills. See Wilkerson v. Meskill, 501 F.2d 297, 298 (2d Cir. 1974) (concluding that "we cannot hear" arguments that were not "properly raised below”).